IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROL B., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:17-cv-2291-C-BN |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carol B. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments including cervical spine injury, bilateral impingement, torn ligaments in her shoulder, wrist and knee, neuropathy in her elbows, high blood pressure, thinning bones, and arthritis. After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 25, 2016. *See* Dkt. No. 13 (Administrative Record ["Tr."] at 45-73 (Hearing Transcript)). At the time of the hearing, Plaintiff was 56 years old. She is a college graduate and has past work experience as a mail handler

or material handler. Plaintiff has not engaged in substantial gainful activity since February 15, 2009.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* at 12-40 (ALJ Decision). Although the medical evidence established that Plaintiff suffered from bilateral shoulder disorder, right shoulder impingement, left wrist bursitis, arthritis, history of knee and shoulder surgeries, hypertension, kidney disease, gastroesophageal reflux disease ("GERD"), vitamin D deficiency, depressive disorder, somatic symptom disorder, pain disorder associated with both psychological factors and a general medical condition, adjustment disorder, and anxiety/panic disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work as a mail handler but not as a material handler.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error.

More particularly, Plaintiff argues that the assessment of her residual functional capacity is not supported by substantial evidence and results from reversible legal error and substantial evidence does not support the finding that she can return to her past relevant work.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

4

and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

5

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ's RFC is not supported by the opinion of a treating or examining physician and is therefore not supported by substantial evidence.[1]

A person's RFC is her ability to perform physical and mental work activities on a regular and continuing basis notwithstanding limitations from her impairments. 20 C.F.R. § 404.1545. A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. Jul. 2, 1996). The ALJ is responsible for determining a claimant's RFC before considering step four of the sequential evaluation process if the claimant is at the ALJ hearing level. 20 C.F.R. §§ 404.1546(c), 404.1520(e), and 416.920(e). In assessing the claimant's RFC, the ALJ will consider all medical evidence as well as other evidence provided by the claimant. 20 C.F.R. § 404.1545(a) (3). The RFC assessment is a function-by-function assessment, with both exertional and non-exertional factors to be considered. SSR 96-8p, 1996 WL 374184, at *3-*5.

In making an RFC assessment, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, and must consider limitations

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 374186, at *1 (S.S.A. Jul. 2, 1996); SSR 96-8p, 1996 WL 374184, at *5. The ALJ is permitted to draw reasonable inferences from the evidence in making his decision, but the social security rulings also caution that presumptions, speculation, and supposition do not constitute evidence. *See, e.g.*, SSR 86-8, 1986 WL 68636, at *8 (S.S.A. 1986), *superseded in part by* SSR 91-7c, 1991 WL 231791, at *1 (S.S.A. Aug. 1, 1991) (only to the extent the SSR discusses the former procedures used to determine disability in children). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

In this case, the ALJ determined that Plaintiff had the severe mental impairments of depressive disorder, somatic symptom disorder, pain disorder associated with both psychological factors and a general medical condition, adjustment disorder, and anxiety/panic disorder. *See* Tr. at 15. Due to these mental impairments, the ALJ found that Plaintiff experienced moderate restrictions in activities of daily living; moderate limitations in social functioning; marked difficulties in concentration, persistence and pace; and no episodes of decompensation. *See id.* at 24.

The ALJ then determined that Plaintiff has the RFC to perform a limited range of light work. Specifically, the ALJ found that Plaintiff can lift and/or carry twenty pounds occasionally and ten pounds frequently and stand, walk, or sit six hours each during an eight-hour workday without need for an assistive device such as crutches.

7

Plaintiff is limited to only occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps or stairs. Plaintiff cannot climb ladders, ropes, and scaffolds or reach overhead. She is able to understand, remember, and carry out detailed and some complex instructions. Her interaction with the public, coworkers, and supervisors should be limited to only two-hour intervals between breaks. And she can attend and concentrate for only two-hour intervals between breaks, but she can sustain a full eight-hour work day. *See id.* at 29.

Plaintiff argues that, although the ALJ found that Plaintiff had marked limitations with regard to her ability to maintain concentration, persistence, and pace, he failed to explain how he reached his conclusions with regard to her functional capacity or to consider the impact of her functional limitations on her ability to perform work-related activity.

In making the RFC determination, the ALJ gave partial weight to the opinions of State agency medical consultant Leela Reddy, M.D., who reviewed the medical evidence on reconsideration. *See* Tr. at 35. State agency psychological and medical and consultants are highly qualified experts in disability evaluation, and an ALJ must consider their opinions, along with the other evidence in the record. *See* 20 C.F.R. 404.1527(c), (d); SSR 96-6p, 1996 WL 374180.

At the initial level, Jean Germain, Ph. D., reviewed all of the available evidence in the record on October 10, 2014, and completed a psychiatric review technique form. *See* Tr. at 74-78. Dr. Germain found that Plaintiff had moderate restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate

8

difficulties in maintaining concentration, persistence or pace; and no repeated episodes of decompensation of extended duration. *See id.* at 78. Dr. Germain noted that Plaintiff's activities of daily living were intact; however, they were somewhat restricted by her alleged physical symptoms. *See id.* at 77, 78. They were not restricted by mental limitations. *See id.* Dr. Germain determined that Plaintiff can understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in routine work setting. *See id.* at 77.

At the reconsideration level, Leela Reddy, M.D., reviewed the evidence in the record on February 13, 2015, and agreed with Dr. Germain's assessments. *See id.* at 86-92. Dr. Reddy's review occurred more than a month after the expiration of Plaintiff's insured status. *See id.* at 15. Dr. Reddy noted that Plaintff reported no problems with activities of daily living. *See id.* at 91. Specifically, Plaintiff alleged no problems with memory, completing tasks, concentration, understanding, following instructions, and getting along with others. *See id.* at 91-92.

The ALJ gave Dr. Reddy's opinion partial weight and incorporated Dr. Reddy's opinion by reference, but did note Dr. Reddy's observation that Plaintiff was not being treated for her mental impairment and was complaining primarily of her somatic symptoms. *See id.* at 35.

Tthe ALJ noted that both Drs. Germain and Reddy opined that Plaintiff is able to understand, remember, and carry out detailed but not complex instructions, make

9

decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in a routine work settings. *See* Tr. at 18. But he did not mention that they both found that she had moderate limitations with regard to her ability to maintain concentration, persistence and pace, or explain how he concluded that her limitations in this area were marked.

In the decision, the ALJ stated that, given a marked restriction in concentration, persistence and pace, the ability to perform work quotas or production work must be addressed. Additionally, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods is at issue. The ALJ also stated that, if this requirement is considered "strict," it is difficult to envision how a claimant with any degree of interruption could return to competitive employment. The ALJ explained that an interruption is not the same as a scheduled break. The ALJ also observed that no clinician had directly addressed the frequency or duration of any interruptions during the work day. In the absence of a work evaluation providing this information, the ALJ limited Plaintiff's concentration, persistence, and pace to two-hour intervals of time between breaks to better capture the "marked" deficits. The ALJ noted that employers will generally provide rest and/or meal breaks that would easily accommodate the two-hour intervals and thus the restriction does not significantly erode the job base identified by the vocational expert. The ALJ also noted that, although Plaintiff has the ability to understand, carry out, and remember instructions and use judgment in making work-related decisions, this

10

ability would be sorely taxed if she had to work eight hours straight. Thus, the ALJ found that Plaintiff needs to rest for a brief period every two hours before resuming the required pace. Likewise, the ALJ found that Plaintiff can respond appropriately to supervision, coworkers, and work situations and deal with changes in a routine work setting if given breaks every two hours. *See id.* at 27-28.

According to the ALJ, he accommodated for Plaintiff's marked limitations in her ability to maintain concentration, persistence, and pace by providing that Plaintiff needs to rest for a brief period every two hours and must be given breaks every two hours. The ALJ does not refer to any medical or opinion evidence to support those accommodations.

The Commissioner argues that SSR 96-5p provides that "requiring an ALJ's RFC finding to be based on the opinion of a medical source 'would, in effect, confer upon the source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'" SSR 96-5p, 1996 WL 374183, at *2.

The undersigned cannot accept the Commissioner's interpretation of SSR 96-5p. The passage that the Commissioner selectively quotes states:

> The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner.
>
> Nevertheless, our rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner. For treating sources, the rules also require that we make every reasonable effort to recontact

11

> such sources for clarification when they provide opinions on issues to the Commissioner and the bases for such opinions are not clear to us.
>
> However, treating source opinions that are reserved to the Commissioner are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled

SSR 96-5p.

In other words, SSR 96-5p does not stand for the proposition that an ALJ can determine the claimant's RFC without considering the opinion of an examining or treating physician. Rather, it requires an ALJ to "always carefully consider medical source opinions" as part of his or her determination – even if he or she is not required to give any of these particular opinions controlling weight. *See id.*; *see also Montoya v. Berryhill*, No. 3:16-cv-1594-D-BN, 2017 WL 3835950, at \*3 (N.D. Tex. Aug. 1, 2017).

None of the acceptable medical sources opined that Plaintiff's interaction with the public, coworkers, and supervisors should be limited to only two-hour intervals between breaks or that she can attend and concentrate for only two-hour intervals between breaks. And the ALJ did not ask the vocational expert whether mail handlers in general, or Plaintiff's prior employer, the U.S. Postal Service, specifically, allows employees to take a break every two hours. Instead, the ALJ presumes or speculates that employers "will generally provide rest and/or meal breaks that would easily accommdate the 2-hour intervals" and he includes the two-hour intervals between

12

breaks as an accommodation because he thinks it would be "reasonable." *See* Tr. at 28, 35. The ALJ's presumptions, speculation, and supposition do not constitute evidence.

Acccordingly, for all of these reasons, the undersigned concludes that the ALJ's RFC finding is not supported by substantial evidence.

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 27, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

14